UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| GREGORY A. CAUDILL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 2:19-CV-183-TAV-CRW |
| | ) |
| HAMBLEN COUNTY, | ) |
| ESCO JARNIGAN, | ) |
| ERIC RICE, and | ) |
| MEDICAL STAFF, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION**

This pro se prisoner's complaint for violation of 42 U.S.C. § 1983 is before the Court for screening pursuant to the Prison Litigation Reform Act ("PLRA") [Doc. 2].

**I. SCREENING STANDARDS**

Under the PLRA, district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or seek monetary relief against a defendant who is immune. 28 U.S.C. §§ 1915(e)(2)(B), 1915A; *Benson v. O'Brian*, 179 F.3d 1014, 1015–16 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint

"must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 . . . creates a right of action for the vindication of constitutional guarantees found elsewhere").

## II. ALLEGATIONS OF COMPLAINT

On January 21, 2018, while housed at the Hamblen County Jail, Plaintiff was escorted to "med pass" by Correctional Officer ("CO") Eric Rice [Doc. 2 p. 4]. Once there, a nurse informed Plaintiff that she did not have his medications, which prompted Plaintiff to tell the nurse to "do her job" [*Id*.]. In response, CO Rice choked and beat Plaintiff, tearing Plaintiff's clothes and shoes in the process [*Id*.]. Plaintiff called 911, and the Morristown Police came to the jail, took a report, and obtained the video footage from the jail [*Id*.]. Plaintiff suspects that the assault may have been motivated by a racial issue, because he and CO Rice are of different races and the event occurred on Martin Luther King, Jr., Day [*Id*.]. On October 15, 2019, Plaintiff signed the instant complaint [*Id.* at 5], which seeks monetary compensation from the Sheriff for not training his officers, from CO Rice for the assault, and from medical staff "for causing the incident" [*Id*. at 4].

## III. DISCUSSION

Federal district courts apply the State's statute of limitations for personal injury actions in proceedings arising under 42 U.S.C. § 1983. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Tennessee, that period is one year. *See* Tenn. Code Ann. § 28-3-104; *Moore v. Potter*, 47 F. App'x 318, 320 (6th Cir. 2002) ("The appropriate statute of limitations for personal injury actions arising in Tennessee and brought under the federal civil rights statutes is one year."); *Foster v. State*, 150 S.W.3d 166, 168 (Tenn. Ct. App. 2004) (applying the one-year statute of limitations from Tenn. Code Ann. § 28-3-104 in a § 1983 claim). When the statute begins to run, however, is an issue of federal law. *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007) (citations omitted). Under federal law, a cause of action accrues, and the limitations period begins to run, when the injury forming the basis of the claim is discoverable. *See Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991) (citing *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984)).

Plaintiff complains of events that occurred on January 21, 2018, and of injuries that were known to him on that date. However, he waited over twenty (20) months from that date to initiate the instant action [Doc. 2 p. 5]. Accordingly, Plaintiff's § 1983 claims against all Defendants are barred by the applicable statute of limitations.

## IV. CONCLUSION

Plaintiff's claims are time-barred, and this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A for failure to state a claim upon which relief may

3

be granted.  The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous.  *See* Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE