UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| GREGORY A. CAUDILL, | ) |  |  |
|---|---|---|---|
|  | ) |  |  |
| Plaintiff, | ) |  |  |
|  | ) |  |  |
| v. | ) | No. | 2:19-CV-183-TAV-CRW |
|  | ) |  |  |
| ERIC RICE, | ) |  |  |
|  | ) |  |  |
| Defendant. | ) |  |  |

## MEMORANDUM OPINION

Defendant Eric Rice has filed a motion for summary judgment seeking dismissal of this pro se prisoner's complaint for violation of 42 U.S.C. § 1983 based on Plaintiff's failure to cooperate in discovery [Doc. 23]. On December 15, 2020, the Court entered an order requiring Plaintiff to show cause why the motion should not be granted [Doc. 25]. Plaintiff has failed to file a response to Defendant's summary judgment motion or the show cause order, and the deadline to respond to each has passed. *See* E.D. Tenn. L.R. 7.1. Upon consideration of the parties' pleadings, the competent summary judgment evidence, and the applicable law, the Court finds that summary judgment should be **GRANTED**, and this action should be **DISMISSED**.

## I. ALLEGATIONS AGAINST DEFENDANT

Plaintiff was allowed to proceed *in forma pauperis* in this action on a claim that Correctional Officer Eric Rice ("Defendant") subjected Plaintiff to excessive force while Plaintiff was an inmate at the Hamblen County Jail [*See, e.g.*, Docs. 4 and 5].

## II.    PROCEDURAL HISTORY

After Defendant was served and a scheduling order was entered, Defendant began the process of discovery.  On July 27, 2020, Defendant served interrogatories, requests for admission, and requests for production of documents on Plaintiff [Doc. 18; Doc. 24]. Documentation from the United States Postal Service ("USPS") indicates that the discovery was delivered to Plaintiff's address of record on August 10, 2020 [Doc. 24 pp. 17–19].  Plaintiff failed to respond to any of the requests for admission contained in the discovery requests [Doc. 24].

On October 5, 2020, counsel for Defendant received Plaintiff's unsigned responses to the written discovery [Doc. 24 pp. 22–28].  Plaintiff then filed a signed Notice with the Court stating that he "filled out" and "returned" the discovery to defense counsel [Doc. 22].  However, Plaintiff's returned document is void of any answer or response to any interrogatory, request for admission, or request for production of documents [Doc. 24 pp. 22–28].  Instead, the discovery was returned as submitted with Plaintiff's handwritten note stating that "everything [he] put in [his] lawsuit is the total truth" [Doc. 30].

Subsequently, the Court issued an order advising Plaintiff that he could not resist summary judgment merely by reference to his pleadings and further advising him that failure to cooperate in discovery could result in the statements and facts proposed by Defendant being admitted by Plaintiff [Doc. 25].  Despite this warning, Plaintiff has failed to respond to the order or otherwise communicate with the Court.

## III. SUMMARY JUDGMENT STANDARD

Summary judgment is proper only when the pleadings and evidence, viewed in a light most favorable to the nonmoving party, illustrate that no genuine issue of material fact exists, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). A fact is deemed "material" if resolving that fact in favor of one party "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To establish an entitlement to summary judgment, the moving party must demonstrate that the nonmoving party cannot establish an essential element of his case for which he bears the ultimate burden of proof at trial. *Celotex*, 477 U.S. at 322; *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 339 (6th Cir. 1993).

Once the motion is properly supported with competent evidence, the nonmovant must show that summary judgment is inappropriate by setting forth specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 323; *Anderson*, 477 U.S. at 249. If the "evidence is such that a reasonable jury could return a verdict for the nonmoving party," then there is a genuine dispute as to a material fact. *Anderson*, 477 U.S. at 248. If no proof is presented, however, the Court does not presume that the nonmovant "could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Lujan v. Nat'l Wildlife Fed'n.*, 497 U.S. 871, 888 (1990)).

## IV. DISCUSSION

Rule 36 of the Federal Rules of Civil Procedures states, in part, that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). Failure to timely respond to requests for admissions is also ground for granting summary judgment, because the statements are admitted and conclusively established by operation of the Federal Rules. *See Goodson v. Donahoe*, No. 3:13-cv-487, 2015 WL 8179668, at *4 (M.D. Tenn. Dec. 7, 2015) (citing *Coal Creek Mining & Mfg. Co v. James River Coal Service Co.*, 11 F. App'x 548 (6th Cir. 2001); *Heller Fin., Inc. v. Pandhi*, Nos. 88-6020, 88-6037, 1999 WL 136091 (6th Cir. Nov. 9, 1989)). Here, because Plaintiff has failed to properly or adequately respond to the discovery requests, the requests for admission included in Defendant's first set of written discovery have been admitted as a matter of law by operation of Rule 36(a)(3). These statements and facts conclusively establish that there is no genuine issue of material fact underlying Plaintiff's § 1983 claims, and therefore, Plaintiff cannot support his claims against Defendant. Defendant is entitled to summary judgment.

Alternatively, the Court notes that Rule 37(b) and Rule 41(b) of the Federal Rules of Civil Procedure each provide that dismissal is an appropriate sanction for failure to comply with a Court order. *See* Fed. R. Civ. P. 37(b)(2)(A)(v) and Fed. R. Civ. P. 41(b). Under either provision, the Court considers four factors when considering dismissal:

(1) whether the party's failure is due to willfulness, bad faith, or fault;
(2) whether the adversary was prejudiced by the dismissed party's conduct;

4

> (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Mager v. Wisconsin Central Ltd.*, 924 F.3d 831, 837 (6th Cir. 2019) (addressing dismissal for failure to comply with discovery obligations); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (addressing dismissal for failure to prosecute under Rule 41(b)).

As to the first factor, the Court finds that Plaintiff's failure to respond to or comply with the Court's show cause order is due to Plaintiff's willfulness and/or fault. Specifically, Plaintiff refused to participate in discovery, resulting in this Court issuing an order requiring Plaintiff to do so [*See* Doc. 25]. Thereafter, Plaintiff failed to respond to the Court's show cause order or correct the deficient discovery responses.

Second, the Court finds that Plaintiff's failure to comply with the Court's order has prejudiced Defendant, who has spent significant time and resources attempting to conduct discovery with an uncooperative Plaintiff.

Third, the Court specifically warned Plaintiff in its show cause order that the Court would dismiss this case if Plaintiff failed to comply with that order [Doc. 25].

Finally, the Court finds that alternative sanctions would not be effective. Plaintiff was a prisoner proceeding proceed *in forma pauperis* [Doc. 4], and he has wholly disregarded the Court's warnings that he must comply with the ordered discovery [Doc. 25]. On balance, the Court finds that the factors weigh in favor of dismissal.

## V. CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment [Doc. 23] will be **GRANTED**, and this action will be **DISMISSED WITH PREJUDICE**.

Further, the Court **CERTIFIES** that any appeal from this decision would not be taken in good faith, and that Plaintiff should be **DENIED** leave to proceed *in forma pauperis* on any subsequent appeal.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE